SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

CANADIAN JAVELIN LIMITED et
al., Defendants.

Civ. A. No. 76–2070.

United States District Court,
District of Columbia.

May 17, 1978.

Michael F. Perlis, Jon D. Jensvold, Wallace L. Timmeny, Charles L. Lerner, Robert B. Blackburn, Daniel J. Morrissey, Securities and Exchange Commission, Washington, D. C., for plaintiff.

William M. Hoiles, Lionel E. Pashkoff, James V. Dolan, John M. Bray, Washington, D. C., Reginald Leo Duff, Irving L. Golomb,

New York City, Moses Krislov, Cleveland, Ohio, for defendants.

## MEMORANDUM

AUBREY E. ROBINSON, Jr., District Judge.

This is an action under the Securities Exchange Act of 1934 in which the Securities and Exchange Commission ("SEC") charges Canadian Javelin Limited ("Javelin") a Canadian corporation trading on the American Stock Exchange, and certain of its officers, directors and shareholders with various violations of the securities laws in connection with Javelin's filings with the SEC and in connection with alleged misappropriations of Javelin's assets. On November 2, 1977, the SEC moved for an order compelling discovery with respect to two depositions noticed by the Commission, involving testimony and production of certain documents by Leonard J. Rubin, a partner in the District of Columbia law firm of Lawler, Kent & Eisenberg and special independent outside counsel to Javelin's standing compliance committee pursuant to the provisions of a judgment of permanent injunction entered against Javelin in an earlier case,[1] and testimony by Richard O. Cunningham, a partner in the District of Columbia law firm of Steptoe & Johnson and one of Javelin's securities attorneys from 1968 to 1976. By Order dated January 13, 1978, this Court granted the SEC's motion to compel, rejecting Javelin's claims of attorney-client privilege. The matter is presently before the Court on Javelin's motion for reconsideration of the Court's Order of January 13, 1978,[2] or for certification pursuant to 28 U.S.C. § 1292(b).[3] For the reasons discussed below, the Court finds that the attorney-client privilege does not obtain herein with respect to either Leonard Rubin or Richard Cunningham, that the document production required of Leonard Rubin in connection with his deposition is proper and that certification of this matter is inappropriate.

The SEC's motion to compel was based upon the refusal of Rubin and Cunningham to testify, *inter alia*, about information which each of them allegedly possessed concerning John A. Rozzini, a former officer and director of Javelin, and possible irregularities in the costs of a Javelin road construction project in Panama. Counsel representing Javelin at the depositions asserted the attorney-client privilege with regard to such testimony and with regard to any documents related thereto. The issue herein concerns the propriety of invocation of the privilege and this depends upon the relationship between each deponent and Javelin and upon the particular circumstances under which the communications in issue were made and maintained.[4]

1. It appears that the law firm of Lawler, Kent & Eisenberg has been terminated as Special Counsel to Javelin's Compliance Committee, effective March 27, 1978. However, the Court does not construe this termination as a waiver of Javelin's claims of privilege with regard to compliance counsel and is persuaded that the termination has no effect on the issues herein.

2. Although defendants' "reargument" motion ostensibly relates only to that portion of this Court's holding which directs Mr. Rubin to allow the SEC to inspect and copy all documents produced by him in response to the subpoena duces tecum served on him on August 22, 1977, the Court deems it appropriate in light of the arguments of counsel and the supplemental memoranda herein to re-examine all aspects of its Order dated January 13, 1978.

3. 28 U.S.C. § 1292(b) provides:

When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

4. With respect to the attorney-client privilege, Professor Wigmore has stated:

Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser, except the protection be waived. 8 Wigmore, Evidence, § 2292 at 554 (McNaughton rev. 1961).

The law firm of Lawler, Kent & Eisenberg was appointed as special compliance counsel to Javelin pursuant to the provisions of paragraph IV(7) of the 1974 injunction entered against Javelin by the Honorable Lloyd F. MacMahon in the case of *Securities and Exchange Commission v. Canadian Javelin Limited, et al.*, 73 Civil 5074 (S.D.N.Y. July 17, 1974). That case involved certain acts and practices of Javelin and its officers in connection with the offer, purchase and sale of Javelin securities and the consent judgment in the case broadly enjoined Javelin and its agents from, *inter alia*, making false, misleading or fraudulent statements or filings concerning Javelin's financial affairs. Paragraph IV(6) of the 1974 injunction required Javelin to establish a standing compliance committee which was to review all information to be disseminated to the public. Paragraph IV(7) of the injunction required Javelin to name a special independent outside counsel to the standing committee to act as a monitor of Javelin's compliance with the terms of the decree. It was the duty of special counsel to review the dissemination of all information by Javelin and counsel was empowered to take all reasonable steps to secure Javelin's compliance with the United States securities laws, to make such inquiries as were deemed necessary to see that the provisions of the judgment were being carried out, and to notify the SEC and Javelin's Board of Directors of any non-compliance. The injunction specifically provided that "Special counsel shall have no business or professional relationship with Javelin other than the performance of the functions set forth herein."

■ Although the injunction is silent as to any waiver of attorney-client privilege with respect to compliance counsel, the Court finds that the language of the 1974 decree negates any notion of an attorney-client relationship between Javelin and special counsel and any notion of confidentiality with respect to communications made to special counsel. Rubin's function was not that of an ordinary attorney. Rubin was appointed not to offer Javelin advice, but to monitor and report on Javelin's compliance with the 1974 injunction. Rubin owed no obligation to Javelin. Rubin's responsibilities were to Judge MacMahon and to the American public. Furthermore, as special counsel Rubin was obliged to make certain public disclosures with respect to Javelin's activities. Thus there could be no legitimate expectation of confidentiality in connection with any information divulged to Rubin and accordingly such information is not privileged.[5] The Court concludes that no attorney-client relationship obtained, either formally or informally, between Javelin and the law firm of Lawler, Kent & Eisenberg arising from the latter's status as compliance counsel and no statements made to special counsel are protected by the attorney-client privilege.[6]

Given the absence of any attorney-client relationship between Javelin and Rubin and the non-applicability of the attorney-client privilege, the Court sees no basis on which to deny the SEC's request that Rubin be required to produce and allow the SEC to inspect and copy all documents brought by him to the deposition in response to the subpoena *duces tecum* served upon him on August 22, 1977. The Court is not persuaded that this document production is in any way contrary to the purposes underlying Rule 30 of the Federal Rules of Civil Procedure. Nor is the Court's ruling a blanket holding that documents may be examined regardless of any privilege attaching thereto. If other valid grounds exist for withholding these documents from SEC scrutiny, such grounds may be asserted. In light of the record before the Court, however, the document production required of Leonard Rubin in connection with his deposition appears reasonable and proper.

5. See in other contexts *Dorothy K. Winston & Co. v. Town Heights Development*, 376 F.Supp. 1214, 1220–1 (D.D.C.1974); *United States v. Osborn*, 409 F.Supp. 406, 410 (D.Or.1975).

6. The Court therefore does not reach the question whether any privilege was waived by Javelin's actions in subpoenaing and educing testimony from Rubin at deposition.

The propriety of the Cunningham deposition depends upon different considerations from those obtaining with respect to Leonard Rubin. Cunningham did enjoy an attorney-client relationship with Javelin. The question with regard to Cunningham is whether the privilege flowing from that relationship extends to a conversation which Cunningham had with John A. Rozzini on March 27, 1976.

As an officer of Javelin in 1974, Rozzini certified to Javelin's independent outside auditors a portion of the costs of Javelin's road construction project in Panama. Rozzini later became a director of Javelin and sought to withdraw his prior certification, claiming that the road project had been overvalued on the Company's books. A series of potential legal problems confronted Javelin as a result of these and other disclosures relating to the Panama road project and at a directors' meeting on March 6, 1976, the Board of Directors ordered Javelin's outside auditors to conduct an extensive audit of Javelin and to compile a report, appointed the law firm of Steptoe & Johnson of which Cunningham is a partner, as United States securities counsel, and directed all Javelin employees to cooperate with any governmental and regulatory investigations into Javelin's business.[7]

On March 26–27, 1976, a meeting of the executive committee of the Board of Directors was held at Javelin's in-house counsel's law offices in Toronto, at which Cunningham and another attorney with Steptoe & Johnson reported on certain discussions with members of the Enforcement Division of the SEC. Present at the meeting were other Javelin counsel and two members of the accounting firm of Lee & Martin, Javelin's auditors at the time. On March 27, 1976, during a break in the meeting, Rozzini approached Cunningham and discussed the possible overvaluation of Javelin's construction costs on the Panamanian road. Cunningham warned Rozzini that the conversation would not be held in confidence, since Cunningham was obliged to report to certain designated officers of Javelin. Cunningham took extensive notes of the conversation, prepared a seven-page memorandum on the conversation, and later sent copies of the memorandum to compliance counsel and to Javelin's outside auditors.

Despite Defendants' claims that Rozzini approached Cunningham in Rozzini's official capacity as an officer and director of Javelin pursuant to the instructions of Javelin's Board of Directors, which authorized an inquiry into and an audit of Javelin's financial affairs, the Court finds that Rozzini was not acting as an agent of Javelin when he made the communications in issue. Rozzini's statements to Cunningham were not made as a part of the meeting held in connection with the authorized investigation and audit, but rather were made during a break in that meeting. The Court is not persuaded that the statements were made on behalf of Javelin or for purposes of enabling Cunningham to properly advise the Company.[8] The Court therefore concludes that in light of the circumstances under which the statements were uttered, the employee's communications here cannot be classified as the corporate client's communications so as to permit invocation by the corporation of the attorney-client privilege either under the "control group" test formulated in *City of Philadelphia v. West-*

7. In a September 1975 resolution, Javelin's previous Board of Directors had instructed all counsel to preserve all of Javelin's privileges with respect to any inquiries from governmental authorities. The March 6, 1976 resolution repealed that blanket directive, but did not constitute an absolute waiver of Javelin's right to assert any applicable privileges in connection with any investigations. Although employees were authorized to comply with reasonable requests by governmental authorities, such compliance was conditioned on prior notification of, discussion with and approval by Javelin's President or the Chairman of Javelin's Executive Committee. The March 6, 1976, resolution was subsequently revoked by a new Board of Directors on July 30, 1976.

8. In this connection, the Court finds that Javelin has not met its burden of establishing that Rozzini was acting as an agent of Javelin such that an attorney-client relationship obtained and the privilege applies. See *United States v. Gurtner*, 474 F.2d 297, 298 (9th Cir. 1973); *United States v. Johnson*, 465 F.2d 793, 795 (5th Cir. 1972).

inghouse Electric Corp., 210 F.Supp. 483, 485 (E.D.Pa.), mandamus and prohibition denied sub nom. General Electric Co. v. Kirkpatrick, 312 F.2d 742 (3d Cir. 1962), cert. ·denied, 372 U.S. 943, 83 S.Ct. 937, 9 L.Ed.2d 969 (1963) or under the "circumstances" test articulated in Harper & Row Publishers, Inc. v. Decker, 423 F.2d 487 (7th Cir. 1970), aff'd by an equally divided court, 400 U.S. 348, 91 S.Ct. 479, 27 L.Ed.2d 433 (1971), reh. denied, 401 U.S. 950, 91 S.Ct. 917, 28 L.Ed.2d 234 (1971) and recently expended on in Diversified Industries, Inc. v. Meredith, et al., 572 F.2d 596 (8th Cir. 1978).[9]

■ The final question before the Court is whether the Court's ruling with respect to attorney-client privilege should be certified pursuant to 28 U.S.C. § 1292(b) to allow Defendants to petition the United States Court of Appeals for the District of Columbia Circuit for leave to take an interlocutory appeal. The Court is not persuaded that the privilege issue involves a controlling question of law herein or that an interlocutory appeal would materially advance the ultimate termination of the litigation.[10] Consequently, Javelin's application for certification must be denied.

For the above-stated reasons, it is the decision of the Court that the depositions of Leonard J. Rubin and Richard O. Cunningham, shall proceed as ordered by this Court on January 13, 1978.

9. Thus the Court does not reach the issues raised by the SEC whether the presence of the two accountants at the March 27, 1976 meeting or Cunningham's subsequent disclosure of a memorandum concerning Rozzini's statement to special compliance counsel and to the independent outside auditing firm defeat application of the attorney-client privilege with respect to Rozzini's communications.

10. Mindful of the directions of the Court of Appeals in this case in In re Canadian Javelin Limited, et al., No. 77–1708 (D.C. Cir. September 12, 1977), the Court has no intention of granting the SEC "carte blanche" discovery in this matter. However, "carte blanche" discovery is not what is involved with regard to the Rubin and Cunningham depositions. The issue of privilege and the evidence obtainable from Rubin and Cunningham are in no way controlling in or central to the lawsuit. An appeal of this Court's privilege ruling would not be dispositive of any claim on the merits of the action, limit the number of parties to the case, or substantially affect the nature of discovery in the suit. It appears to the Court that rather than assisting in the ultimate termination of the litigation, an interlocutory appeal on the privilege question would cause further undue delay herein.