**CANADIAN JAVELIN, LTD., Plaintiff,**

v.

**LAWLER, KENT & EISENBERG, Meyer Eisenberg, Leonard J. Rubin, Felix H. Kent, Phillip N. Smith, Jr., Defendants.**

**Civ. A. No. 78–0918.**

United States District Court, District of Columbia.

Oct. 15, 1979.

---

James R. Treese, William R. Voltz, William M. Hoiles, Thomas C. Green, Washington, D. C., Moses Krislov, Cleveland, Ohio, for plaintiff.

Lionel E. Pashkoff, Robert F. Condon, Phillip H. Harris, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

GESELL, District Judge.

Plaintiff Javelin, a Canadian corporation, is subject to a consent decree permanently enjoining violations of the securities laws entered in the Southern District of New York as a result of an action brought by the Securities and Exchange Commission. By its complaint in this court, it seeks punitive damages from attorneys selected as Special Counsel pursuant to that decree; alleging fraud, conspiracy, negligence, breach of fiduciary duty, breach of contract, and conversion. Defendants Special Counsel have moved for summary judgment and the motion has been fully briefed and argued.

Under the terms of the consent judgment Special Counsel serves primarily a monitoring function in conjunction with a compliance committee of Javelin to assure that shareholders of Javelin receive full information and that the company operates in harmony with statutes falling under the jurisdiction of the Securities and Exchange Commission. This function is unlimited as to time. The judgment provides no means by which Special Counsel regularly reports to the court or obtains guidance from the court with respect to carrying out its responsibilities. Selected and compensated by Javelin with the concurrence of the Commission, Special Counsel is free to resign or indeed may be dismissed by Javelin on notice to the Commission. Paragraph 7 of the judgment outlines Special Counsel's duties in the following terms:

> Javelin shall name a special independent outside counsel (hereinafter "Special Counsel") to the standing committee, which Special Counsel shall be satisfactory to the Commission. Special Counsel shall review the dissemination of all information to the public by Javelin or any of its subsidiaries, its officers and directors, and shall be authorized to take all reasonable steps to secure Javelin's compliance with the U.S. securities laws and

shall make such inquiries as he deems necessary to see to it that this Judgment is being carried out. Special Counsel shall have no business or professional relationship with Javelin other than the performance of the functions set forth herein. Special Counsel shall notify the Commission and Javelin's Board of Directors in any respect in which he believes the Judgment is not being carried out and advise the Board as to the steps necessary to cure such failure.

■ Special Counsel's motion for summary judgment claims entitlement to an absolute immunity comparable to that granted judicial officers and asserts that the complaint accordingly should be dismissed in its entirety. This position is rejected. *See Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Briggs v. Goodwin,* 186 U.S.App.D.C. 179, 569 F.2d 10 (D.C. Cir. 1977), *cert. denied,* 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978).

■ Alternatively, Special Counsel urges that on the basis of the facts which have been developed through extensive pretrial discovery the complaint should nonetheless be dismissed because its conduct is protected by the doctrine of qualified immunity. *See Scheuer v. Rhodes,* 416 U.S. 232 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Briggs v. Goodwin, supra,* 186 U.S.App.D.C. at 189–190, 569 F.2d at 20–22. The Court finds that since Special Counsel was to act under authority granted by a Federal Court and was intended to perform a quasi-public service, a qualified immunity standard should be applied to the facts of this case. Special Counsel was granted broad discretion to discharge a duty committed to it by judicial order. The Court holds that there can be no liability in damages under any of the various causes of action alleged in the complaint for actions taken within the scope of that duty if it appears from a preponderance of the evidence that Special Counsel acted reasonably and in good faith.*

■ In applying the qualified immunity standard, the Court is forced to conclude on the basis of the pretrial materials that material issues of fact exist. Plaintiff has made numerous and at times quite far-fetched allegations going to the issues of good faith and reasonableness. Rather than attempting to resolve these matters on the pretrial record, which raises issues of credibility as well as fact, it will be necessary to proceed with a trial. Accordingly, defendants' motion for summary judgment is denied.

■ As part of its pretrial discovery plaintiff has moved to compel production of numerous documents from the files of the Securities and Exchange Commission. Approximately 800 of these documents have been withheld in whole or in part by claims of privilege. The motion papers include a general description of each document withheld. Plaintiff urges the Court to conduct an *in camera* review of the papers to determine the validity or non-validity of the various privileges claimed. This the Court will not do. On the face of the papers the claims of privilege appear to be well founded. More importantly, however, plaintiff has wholly failed to reduce and particularize its sweeping demand for practically all papers relating to Javelin found in the private files of the Commission. There is absolutely no demonstration that the documents being sought are relevant, needed, or in any way required for purposes of this case. If within a reasonable time plaintiff identifies and makes a particularized, limited demand for specified documents with an adequate showing of relevance and need, the Court will reconsider the appropriateness of examining such documents *in camera.*

Any further discovery in this case must be completed by December 1, 1979. A pretrial is scheduled for 9:30 a. m. on December 17, 1979. The Court will promptly indicate in a separate pretrial order materials it expects counsel to have available at the pretrial.

---

* Even if Special Counsel exceeded these bounds, it, of course, does not follow that punitive damages may be assessed. The determination of this issue must await full development of the facts.

The trial will commence at 9:30 a. m. on Monday, January 7, 1980.

SO ORDERED.