**CANADIAN JAVELIN, LTD., Plaintiff,**

v.

**SECURITIES AND EXCHANGE COMMISSION et al., Defendants.**

Civ. A. No. 79–0643.

United States District Court,
District of Columbia.

Oct. 30, 1980.

---

William M. Hoiles, Washington, D. C., for plaintiff.

Stephen E. Cavan, Robert Lipsher, Linda D. Fienberg, Paul Gonson, Michael K. Wolensky, Securities and Exchange Commission, Washington, D. C., for defendants.

MEMORANDUM OPINION

AUBREY E. ROBINSON, Jr., District Judge.

Before the Court are Cross Motions for Summary Judgment in the above captioned Freedom of Information Act litigation. 5 U.S.C. § 552(b), *et seq.* (1976). Plaintiff is seeking approximately 700 documents which Defendant has withheld pursuant to Exemptions 5, 7(C) and 7(D). *Id.* §§ 552(b), 5, 7(C) and 7(D) (1976).[1] The sought documents were generated by a SEC investigation of Canadian Javelin (CJ) and subsequent enforcement actions brought against the Company.[2]

## I. *The Claimed Exemptions*

Defendants contend that staff papers are privileged under the work production doctrine, under the attorney–client privilege and under governmental privilege and thus, under Exemption 5, were properly withheld. The SEC argues that a district court's finding in a civil discovery context that claims of privilege as to the sought documents were "well founded"[3] is dispositive of the Exemption 5 claims in this case. The SEC further contends that staff summaries of fact are exempt because they reflect staff judgment and are part of the deliberative process which Exemption 5 protects.

As to information provided the SEC by foreign sources, the SEC maintains that information is exempt under Exemption 5 as "inter–agency/intra–agency memos." The SEC also relies on Exemption 7(D), which protects confidential sources to the extent release of investigatory records would reveal those sources, in withholding foreign source information. The SEC asserts that the foreign source information was from a confidential source received un-

der a promise of confidentiality and thus is subject to Exemption 7(D).

Names, addresses, social security numbers and phone numbers of individuals mentioned in securities transactions reports, bank records, list of subscribers, SEC memos and other records were withheld pursuant to Exemption 7(C), the investigatory records/personal privacy exemption. Plaintiff maintains that the individuals' names and other information are needed in connection with litigation in which CJ is engaged.

Finally, Defendants assert that the Chairman of the SEC, the General Counsel and the FOIA officer are not proper parties defendant in the FOIA action.

## II. *The Exemption Five Issues*

Exemption 5 of FOIA allows an agency to withhold "inter·agency or intra–agency memoranda or letters which would not be available by law to a party other than an agency in litigation with an agency." 5 U.S.C. § 552(b)(5) (1976). The basis of this exception to the liberal disclosure policy of the Act is:

"the free and uninhibited exchange and communication of opinions, ideas, and points of view··a process as essential to the wise functioning of a big government as it is to any organized human effort."

*Ackerly v. Ley,* 420 F.2d 1336, 1341 (D.C. Cir.1969). Defendants rely on Exemption 5 in withholding SEC files relating to the Canadian Javelin investigation and enforcement proceedings, including factual summaries and information submitted by foreign sources.

Defendants are correct in asserting that Exemption 5 incorporates civil discovery privileges. *See Coastal States Gas*

---

1. The Defendants have also withheld documents which predate 1970 since Plaintiff's FOIA request covered only the period 1970 to the date of its request letter to the Securities and Exchange Commission (SEC). Affidavit of Robert Lipsher, SEC Attorney, June 4, 1979. Defendants have also withheld "duplicative material." *Id.*

2. When Plaintiff's FOIA request was first considered by the SEC, the agency relied on Exemption 7(A), the exemption which protects

investigatory records if disclosure would interfere with enforcement proceedings. Upon termination of all enforcement actions by the SEC against CJ, Exemption 7(A) was no longer applicable and the SEC released some documents. The SEC is relying on Exemptions 5, 7(C) and 7(D) to justify its continued nondisclosure of documents relating to the investigations and enforcement actions.

3. *Canadian Javelin v. Lawler, Kent & Eisenberg,* 478 F.Supp. 448 (D.D.C.1979).

*Corp. v. Department of Energy*, 617 F.2d 854, 862 (D.C.Cir.1980). The attorney–client privilege is incorporated into Exemption 5, *Mead Data Central v. Department of Air Force*, 566 F.2d 242, 256 (D.C.Cir.1977), as is the work product doctrine, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 154, 95 S.Ct. 1504, 1518, 44 L.Ed.2d 29 (1975), and governmental privilege. *Id.* at 150, 95 S.Ct. at 1516.

■ Defendants are mistaken, however, when they suggest that a prior ruling in a federal district court on civil discovery privileges as to the sought documents is controlling in this FOIA case. An examination for purposes of Exemption 5 is independent of any other judicial examination. H.Rep.No. 793, 95th Cong., 1st Sess. at 6. The decisions reached by this Court are based upon an independent examination and are not premised on the earlier federal court examination of the claimed privileges.[4]

■ Defendants do not make out a case for employment of Exemption 5 via the attorney–client privilege. A fundamental prerequisite of the attorney–client privilege is confidentiality at the decision making level both at the time of the communication and subsequent to it. *Coastal States*, 617 F.2d at 863. Such confidentiality requires limited access to the documents within the agency itself. *Id.* Nowhere in the pleadings or affidavits does the SEC demonstrate the confidentiality required for invocation of the attorney–client privilege. Therefore, no documents may be withheld pursuant to Exemption 5 through the attorney–client privilege.

■■ Defendants correctly applied Exemption 5 through the work product doctrine. Materials are exempt from disclosure under the work product doctrine, as embodied in Exemption 5, so long as prepared in anticipation of litigation. *Jordan*

*v. Department of Justice*, 591 F.2d 753, 775 (D.C.Cir.1978). Inasmuch as the files requested by Plaintiff concern three court enforcement actions against CJ,[5] and since investigations by the SEC are conducted with an eye towards litigation, 15 U.S.C. § 780 (1976), those documents prepared by SEC attorneys or professionals working under attorney supervision are exempt from disclosure.

■ Predecisional staff papers, including memoranda sent by the Division of Enforcement to the Commission (e. g. Nos. 180, 269 and 458) were properly withheld under the governmental privilege leg of Exemption 5. That exemption is primarily intended to protect the decision making processes of government. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 150, 95 S.Ct. at 1516. Plaintiff maintains that factual summaries, even though part of predecisional memoranda, may not be withheld. Plaintiff is wrong in its contention.

■ Summaries of factual evidence may be exempt insofar as they reflect staff judgment. *Montrose Chemical Corp. v. Train*, 491 F.2d 63, 68–71 (D.C.Cir.1974). *See also Lead Industries Association, Inc. v. OSHA*, 610 F.2d 70 (2d Cir. 1979). Disclosing factual summaries may reveal "the deliberative process of summarization itself" by demonstrating which facts the SEC considered significant in pursuing the enforcement actions against CJ. *Lead Industries*, 610 F.2d at 85. In *Washington Research Project, Inc. v. HEW*, 504 F.2d 238, 250–51 (D.C.Cir.1974), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975), the Court explained that "the judgmental element arises through the necessity to select and emphasize certain facts at the expense of others." *Id.* Exemption 5 was drafted to protect from public view such deliberative processes of federal agencies. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 95 S.Ct.

---

4. In addition, the declaration in the earlier case that the claims of privilege "appear well founded" did not follow a complete examination of the documents in question because Plaintiffs in that case had not stated with specificity which documents were sought. *See Canadian Javelin*

*v. Lawler, Kent & Eisenberg*, 478 F.Supp. 448 (D.D.C.1979).

5. *SEC v. Canadian Javelin, Ltd.*, No. 73–5014 (S.D.N.Y.); *SEC v. Doyle*, No. 76–1892 (S.D.N. Y.); *SEC v. Canadian Javelin*, 451 F.Supp. 594 (D.D.C.)

1504, 44 L.Ed.2d 29 (1975). The Exemption 5 claim of the SEC as to the factual summaries prepared by its staff seem well founded.

█ Not so well founded is the SEC's employment of Exemption 5 to shield information supplied by "foreign sources." Exemption 5 has been extended to cover information provided by outside consultants despite the fact that the exemption on its face protects only inter–/intra–agency memoranda. *See, e. g., Washington Research Project v. HEW*, 504 F.2d 238 (D.C.Cir. 1974).[6] While there appears no reason why the opinions and recommendations of temporary foreign consultants should not be protected under Exemption 5, as are those of other outside entities, this case is not an appropriate one for extension of Exemption 5 to cover the instant foreign source information. The materials provided by the foreign sources were already in existence at the time the SEC requested them. The foreign sources did not compile or generate previously nonexistent material; no materials were provided which were advisory or consultative. Since "Exemption 5 was created to protect the deliberative process of the government by ensuring that persons in an advisory role would be able to express their opinions freely to agency decision makers without fear of publicity," *Ryan v. Department of Justice*, 617 F.2d 781, 789 (D.C.Cir.1980), *citing* H.R.Rep.No.1497, 89th Cong., 2d Sess. 10 (1966); S.Rep.No.813, 89th Cong., 1st Sess. 9 (1965), U.S.Code Cong. & Admin. News 1966 p. 2418, the purpose of that exemption would not be furthered by shielding foreign source file material which was not created for purposes of advice or opinion to the SEC in its consideration of an agency matter. The SEC is therefore not allowed to use Exemption 5 to withhold the foreign source material.[7]

### III. *The Exemption Seven Issues*

█ Although the SEC cannot employ Exemption 5 to shield foreign source information, its use of Exemption 7(D) is partially applicable. Protection of confidential sources is the goal of Exemption 7(D).[8] This Circuit has recently stated that the term "source" encompasses entities such as "state, local and *foreign* law enforcement agencies as well as individuals such as private citizens and paid informants." *Lesar v. Department of Justice*, 636 F.2d 472 at 489 (D.C.Cir.1980) (emphasis added). In order for sources to be protected, the information they provide must be submitted under a promise of confidentiality.[9] H.R. Conf.Rep.No.93 1380, 93d Cong., 2d Sess. 13 (1974).

In this case, Defendants have not met their burden of showing a promise of confidentiality as to all documents withheld pursuant to Exemption 7(D). While certain documents stated a request for confidential treatment on their face (e. g. Nos. 98, 99, 263, 264, 296, 308, 310, 495, 741, 838) and are

---

**6.** The definition of "agency" in 5 U.S.C. §§ 551(1) and 552(e) (1976) defines the jurisdictional scope of FOIA not the scope of Exemption 5. S.Rep. 93–1200, 93d Cong., 2d Sess. 14–15, U.S.Code Cong. & Admin. News 1974, p. 6267.

**7.** The SEC asserts that at least 18 of the documents CJ contends should be disclosed were obtained by the Commission from U.S. government agencies, not from foreign sources (e. g. Nos. 263, 264, 308, 310, 312, 331, 483, 484, 530, 572, 742, 743, 784, 790, 821, 822, 826, 858). These documents are proper subjects for Exemption 5. Thus, of the 65 documents contested in Plaintiff's Motion for Partial Summary Judgment, only 47 are truly at issue in connection with the exemptions claimed for foreign information.

**8.** Exemption 7(D) of FOIA allows an agency to withhold investigatory records compiled for law enforcement purposes to the extent production would disclose the identity of a confidential source. 5 U.S.C. § 552(b)(7)(D) (1976). *See generally* Comment, *Disclosure of Investigatory Records Under the Freedom of Information Act*, 36 Wash. & Lee L.Rev. 431, 440–443 (1978).

**9.** In civil cases, Exemption 7(D) protects the name and other identifying details which might lead to the disclosure of a confidential source; it does not exempt all information provided by the source as it would in the case of criminal investigatory records. *Duffin v. Carlson*, 636 F.2d 709 at 712 (D.C.Cir. 1980).

subject to Exemption 7(D), this Court cannot infer a promise of confidentiality from the face of 55 other documents or from the fact that the documents were provided by law enforcement agencies, as the SEC suggests. The cases on which the SEC relies in which such inferences were made are cases where the specific facts implied confidentiality. *See Mobil Oil Corp. v. FTC*, 430 F.Supp. 849 (SDNY 1977); *Church of Scientology v. Department of Justice*, 410 F.Supp. 1297 (C.D.Cal.1976), *aff'd*, 612 F.2d 417 (9th Cir. 1979). The SEC has not indicated any such facts exist here.

▮ Therefore, the Exemption 7(D) nondisclosure shall be limited to those documents subject to an express promise of confidentiality and only to the extent release would reveal confidential sources.

▮ Plaintiff contends that names, addresses, phone numbers and social security numbers should be disclosed.[10] Defendants assert Exemption 7(C) was properly invoked by them to protect personal privacy. Exemption 7(C) allows agencies to withhold material to safeguard personal privacy. Specifically, that exemption bars disclosure of:

> investigatory records compiled for law enforcement purposes, but only to the extent that production of such records would ... constitute an unwarranted invasion of personal privacy.

5 U.S.C. § 552(b)(7)(C) (1976). Unless there is a public interest in the disclosure of personal information, Exemption 7(C) deletions are appropriate. *Department of Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); *Getman v. NLRB*, 450 F.2d 670 (D.C.Cir.1971).[11] Plaintiffs have shown no legitimate interest in obtaining

the social security numbers and phone numbers of individuals mentioned in the securities transactions reports, lists of subscribers and other records. Plaintiffs claim a need for the names and addresses of SEC employees and others on the basis of ongoing litigation. However, the ongoing litigation to which Plaintiff referred in its request, *Canadian Javelin v. Lawler, Kent and Eisenberg, supra*, has since concluded and the only litigation to which the documents would be relevant is the Canadian bankruptcy proceeding in which Plaintiff is currently engaged. Weighing the privacy interests of the individuals whose names and addresses were deleted against CJ's interest in disclosure (noting again that the fact it is a litigant is irrelevant for FOIA purposes, *NLRB v. Robbins, supra*), this Court determines that only the names of SEC employees be released. There is a legitimate public interest in knowing who at the SEC conducted an investigation so those individuals can be subjected to inquiry. The officials at the SEC should not be able to hide behind the FOIA in an effort to keep secret the SEC investigatory process.

## IV. *The Proper Parties Defendant Issue*

▮ In addition to claiming exemptions under the Act, the SEC maintains that only the Commission can be a party Defendant to a FOIA suit and not the Chairman of the Commission, the General Counsel or the FOIA Officer. The SEC is correct. Under FOIA, suit may be brought only against an "agency" of the federal government and not against any individual government employee or officer. *Rosenberg v. Securities and Exchange Commission*, No. 77 -1141, slip. op. at 1 (D.D.C. April 5, 1979) (construing 5 U.S.C. § 552(a)(4)(B) (1976)). Therefore, the action as to the individual defendants should be dismissed.

---

**10.** Plaintiff implies that the fact it is a litigant in a civil action increases its rights to this kind of information. The fact that a Plaintiff in a FOIA action is a litigant in a private civil action does not entitle it to any greater or lesser rights of access to government documents under FOIA. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, & 242 n.23, 98 S.Ct. 2311, 2326, & 2327 n.23, 57 L.Ed.2d 159 (1978).

**11.** The standards for Exemption 7(C) deletions are more lenient than those for deletions under Exemption 6, the personnel and medical files exemption. Exemption 6 allows nondisclosure of information that would result in a "clearly unwarranted" invasion of personal privacy while Exemption 7 allows nondisclosure of information that would cause an "unwarranted" invasion. 5 U.S.C. § 552(b)(6) and 7(C) (1976). *See Church of Scientology v. Bell*, No. 76–1006, slip op. at 6 (D.C.Cir. January 29, 1980).

## V. *Conclusion*

In light of the foregoing, this Court concludes that the SEC's motion for summary judgment as to materials provided by U.S. Government Agencies and as to staff memoranda, including factual summaries, is granted pursuant to Exemption 5. The SEC's motion for summary judgment as to information obtained from foreign sources is granted, but only to the extent that the information falls within Exemption 7(D) because express promises of confidentiality were given to sources. The Plaintiff's Cross Motion for Partial Summary Judgment for foreign source information is granted to the extent that information does not fall within Exemption 7(D), as outlined in this Opinion. The SEC's Motion for Summary Judgment as to the personal information sought and Exemption 7(C) nondisclosure is granted, except that the names of SEC personnel mentioned in the requested documents shall be released. The action is dismissed as to the individually named SEC officials.