**SHERWOOD VAN LINES, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF the NAVY, et al., Defendants.**

Civ. A. No. 89–2937.

United States District Court, District of Columbia.

March 13, 1990.

Robert J. Brooks, Washington, D.C., for plaintiff.

Jeffrey T. Sprung, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

Plaintiff, Sherwood Van Lines, Inc. ("Sherwood"), filed this action under the Freedom of Information Act ("FOIA"), 5 U.S.C.A. § 552 (West 1977 & Supp.1989), to cancel and refund fees assessed Sherwood for agency records it claims were *not* requested and to order the production of agency records improperly withheld. This matter is before the Court on the Motion to Dismiss filed by defendants United States Department of the Navy ("Navy"), Admiral D.W. McKinnon ("McKinnon"), Rear Admiral John F. Calhoun ("Calhoun"), and Captain J.L. Boydston ("Boydston"). Along with their motion to dismiss, defendants presented 10 attachments for the Court's consideration. It appeared to the Court that some of the issues raised in the motion would be more appropriately disposed of on summary judgment. Thus, in an Order dated February 2, 1990, the Court required the parties to submit any additional pleadings necessary to accomplish this purpose.

Defendants move to dismiss the complaint and/or for summary judgment, pursuant to Rule 12(b)(6) and Rule 56 respectively of the Federal Rules of Civil Procedure, on two grounds. First, they argue that the individual defendants McKinnon, Calhoun, and Boydston should be dismissed as defendants because FOIA only authorizes civil actions against agencies of the United States. Second, they contend that the complaint should be dismissed for failure to exhaust administrative remedies. After careful consideration of the motion, the opposition thereto, and the entire record in this case, the Court concludes that the motion must be granted in part and denied in part.

■ First, defendants McKinnon, Calhoun, and Boydston should be dismissed from this case. Under FOIA, a federal district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C.A. § 552(a)(4)(B) (West 1977). Defendants correctly assert that under the plain language of the statute FOIA authorizes suit against federal agencies and does not create a cause of action against individual employees of the federal agency. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir.1987); *Canadian Javelin v. Securities & Exch. Com'n*, 501 F.Supp. 898, 904 (D.C.C.1980). Sherwood has filed suit against the Navy and several Navy employees. The Navy is the only proper defendant in this case, however, since it processed Sherwood's FOIA request and has custody of any other documents at issue.

■ Sherwood does not address directly the jurisdictional limitations of FOIA in its response to this motion. Rather, Sherwood relies on the joinder provisions of Rule 19 of the Federal Rules of Civil Procedure to suggest that complete relief cannot be accorded plaintiff absent the individual defendants because the individual defendants allegedly have "a very personal interest relating to the subject of the action." Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss at 14. More specifically, Sherwood submits that the individual defendants have conspired against plaintiff to block plaintiff's access to records that would be embarrassing to them if disclosed. This Court is not persuaded that Sherwood's unsubstantiated allegations have any merit. Even if true, there is no support for Sherwood's contention that these Rule 19 considerations would extend this Court's jurisdiction under FOIA to include a statutory cause of action against individual defendants where FOIA otherwise does not authorize such a suit. Accordingly, the Court concludes that this action must be dismissed as to the individual defendants McKinnon, Calhoun, and Boydston for failure to state a claim upon which relief could be granted.

Second, defendants' argue that they are entitled to summary judgment on grounds that Sherwood has failed to exhaust its administrative remedies. Summary judgment can only be entered if everything in the record demonstrates that no genuine issue of material fact exists. Defendants argue that Sherwood did not make a timely appeal of the agency decision on his FOIA request. In a letter dated January 9, 1989, Calhoun responded to Sherwood's FOIA request. The letter stated that the documents requested would be released to Sherwood, but that certain personal information had been deleted from these documents, and that Sherwood would be charged additional fees of $4,866.75, bringing the total fees to $7,146.91. The letter further advised Sherwood of its right to appeal the agency determination within sixty days after the date of the letter to the Judge Advocate General.

Sherwood states that this Navy fee assessment decision on its FOIA request was appealed in a letter dated February 21, 1989, addressed to the Navy Judge Advocate General. Sherwood has filed an affidavit of Theodore A. Coulter, Vice President of Sherwood Van Lines, stating that he sent the February 21, 1989 appeal letter to Navy JAG. In the letter, Sherwood states that the first batch of documents received from the Navy were "duplicative, non-responsive to the request and an unnecessary waste of production." Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss, Att. B.[1] According to Sherwood, it received from the Navy about 150 of the documents it requested and about 3,800 documents which it did not request. The letter further states: "We therefore appeal the decision to bill Sherwood Van Lines an additional $4,866.75 in billing as defined by Rear Admiral Calhoun. Further, we request a refund of the $2,280.16 paid to date by this company." *Id.* Sherwood contends that no action has been taken by the Navy with respect to this letter.

Defendants urge the Court to disregard Sherwood's February 21, 1989 FOIA appeal on grounds that neither the Navy or the addressee of the appeal letter have any record of receiving such an appeal. In support, the Navy has submitted affidavits signed by Nancy Chekonik, the Navy employee responsible for logging FOIA appeals, and Captain R.C. Barber, the alleged recipient of the letter. Each states that they never received the February 21, 1989 appeal letter. Chekonik Decl. (attached to Defendants' Reply to Opposition to Motion to Dismiss), at para. 3–5; Barber Decl. (attached to Defendants' Reply to Opposition to Motion to Dismiss), para. 3–5. The Navy further argues that Sherwood's claim that it filed a timely appeal is late, uncorroborated, and is not contained in Sherwood's complaint or any of its previous correspondence with Navy officials.

◼ This Court finds that summary judgment on grounds that Sherwood failed to exhaust its administrative remedies is not warranted. The February 21, 1989 letter appears to be a timely administrative appeal of the January 9, 1989 Navy FOIA determination since it falls within the sixty day appeal period. The parties, however, dispute whether in fact the letter was ever sent. Sherwood states that the letter was sent and the Navy states that is was never received. Since whether or not the letter was sent will affect the outcome of this case, this factual dispute is indeed material and summary judgment would not be appropriate.

Defendants further argue that the Court should not consider the letter because Sherwood has not previously indicated it filed an appeal letter dated February 21, 1989. The Court must reject defendants' argument because in considering a motion for summary judgment it is not the court's function to try facts or weigh evidence but only to determine whether a genuine factual dispute exists. *Mardirosian v. American Institute of Architects*, 474 F.Supp. 628, 639 n. 20 (D.D.C.1979). Accordingly,

---

1. Sherwood admits that it did not appeal the January 9, 1989 decision to delete personal information from the requested documents.

defendants' motion for summary judgment on grounds that Sherwood failed to exhaust its administrative remedies must be denied.

Accordingly, it is hereby

ORDERED that defendants' motion to dismiss and/or for summary judgment is granted in part and denied in part; and it is further

ORDERED that this action is dismissed with prejudice as to defendants McKinnon, Calhoun, and Boydston for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.