Dale **BUCKLES, Shelly Harris, and Cheryl La Vallie, Plaintiffs,**

v.

**INDIAN HEALTH SERVICE/BEL-COURT SERVICE UNIT, Georgia Artz, Lisa (Patnaude) Belgarde, Nellie Zerr, and Emily Davis, Defendants.**

No. A4–02–133.

United States District Court,
D. North Dakota,
Northwestern Division.

June 24, 2003.

David E. Reich, Pearce & Durick, Bismarck, ND, for plaintiff.

David L. Peterson, U.S. Attorney's Office, Bismarck, ND, for defendant.

**ORDER GRANTING MOTION TO DISMISS INDIVIDUAL DEFENDANTS AND DENYING PLAINTIFFS' REQUEST FOR JURY TRIAL**

HOVLAND, Chief Judge.

Before the Court is the Defendants' Motion to Dismiss Individual Defendants and

to Deny the Plaintiffs' Request for a Jury Trial. For the reasons set forth below, the Court grants the Defendants' Motion to Dismiss the Individual Defendants and denies the Plaintiffs' Request for Jury Trial.

## I. BACKGROUND

Plaintiffs Dale Buckles, Shelly Harris, and Cheryl LaVallie brought suit against Indian Health Services (IHS) and Georgia Artz, Lisa (Patnaude) Belgarde, Nellie Zerr, and Emily Davis (collectively referred to as "individual Defendants") alleging that the IHS and the individual Defendants improperly disclosed confidential medical records. The Plaintiffs are former employees of IHS and the individual Defendants are current employees of IHS. After allegations that the Plaintiffs improperly used narcotics were disclosed to the Turtle Mountain Tribal Council by the individual Defendants, the Tribal Council immediately removed the Plaintiffs from their positions with IHS. The Plaintiffs brought suit alleging that the IHS and the individual Defendants violated the Privacy Act, 5 U.S.C. § 552a, and the Freedom of Information Act, 5 U.S.C. § 552. The Plaintiffs' complaint also asserts that they were defamed and that IHS retaliated against them for asserting their claims under the Privacy Act and Freedom of Information Act.

## II. CLAIMS AGAINST INDIVIDUAL DEFENDANTS

 The Privacy Act and the Freedom of Information Act allow civil lawsuits against agencies only, not against individual defendants. 5 U.S.C. § 552a(g)(1) ("individuals may bring a civil action against the *agency*" for violations of the Privacy Act); *Thompson v. Walbran,* 990 F.2d 403, 405 (8th Cir.1993) (the Freedom of Information Act "authorizes suit against federal agencies and does not create a cause of action against individual employees of the agency"); *Sherwood Van Lines v. United States Dep't of Navy,* 732 F.Supp. 240, 241 (D.D.C.1990). The Court finds it lacks subject matter jurisdiction over the individual Defendants.

 In addition, any tort claims the Plaintiffs assert are shifted to the agency under 28 U.S.C. § 2679(d)(1) which provides as follows:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

The Attorney General has certified that the individual Defendants were "acting in the scope of their federal employment at all times relevant to the suit." (Docket No. 11, Exhibit 1). The Court finds that any alleged tort claims in this case shall be deemed actions against the United States rather than actions against the individual Defendants, and the United States shall be substituted as the party defendant.

## III. JURY TRIAL

 In their motion to dismiss the individual Defendants, the Defendants also ask that the Plaintiffs' Request for Jury Trial be denied. The Seventh Amendment of the Constitution does not grant a plaintiff a right to a jury trial in actions against the United States. *Lehman v. Nakshian,* 453 U.S. 156, 160–61, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). Neither the Privacy Act nor the Freedom of Information Act provide a plaintiff with the right to a jury trial. *See* 5 U.S.C. §§ 552; 522a. Congress has specifically provided that in tort claims against the United States, trials

shall be to the court without a jury. 28 U.S.C. § 2402. In addition, the Plaintiffs waived any right to a jury trial when they agreed to the "Scheduling/Discovery Plan," which states the "Trial of this case will be non-jury." (Docket No. 5, at 5). Accordingly, the Plaintiffs are not entitled to a jury trial of their Privacy Act and Freedom of Information Act claims or their tort claims.

## IV. *CONCLUSION*

The Court **GRANTS** the Defendants' Motion to Dismiss the Individual Defendants and **DENIES** the Plaintiffs' Request for Jury Trial. (Docket No. 11). The Court further directs the Clerk of Court to substitute the United States as a party defendant in place of the individually named Defendants.

**IT IS SO ORDERED.**