# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHARLENE COLLINS LEE, )
)
      Plaintiff, )
)
      v. )    Civil Action No. 1:23-cv-00194 (UNA)
)
U.S. FEDERAL GOVERNMENT )
LEGISLATIVE, )
)
      Defendant. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's complaint ("Compl."), ECF No. 1, application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained, the court will grant the IFP application and dismiss the complaint without prejudice.

Plaintiff, a resident of Rockville, Maryland, sues United States Representative Jamie Raskin—who plaintiff also refers to as "U.S. Federal Government Legislative"—also located in Rockville, Maryland. *See* Compl. at 1–2. Plaintiff attempts to bring this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and in accordance with her "right of assembly," however, the facts presented fail to state a colorable claim under either authority, and the complaint mostly consists of *non-sequiturs*. *See id.* at 3–5. She alleges that "defendant has failed to enact legislation in committee format specifically to bring about the finding of this cash held in 2004's end from JP Morgan/Chase Bank and Bank One's merger." *Id*. at 4. She maintains that she "would like not to be used as misled by the Congressmen and cash search independent of [her]," and that she "would like a thorough search of all federal areas holding money using [her] name . . . [and] social security number." *Id.* at 5. As far as it can be understood, she demands more than 700 billion dollars. *See id*. at 4.

Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Moreover, plaintiff has failed to establish this court's subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff cites to the FOIA, but that statute authorizes suit only against federal agencies, *see* 5 U.S.C. §§ 551(1), 552(a), and does not create a right of action against individuals, *see Prison Legal News v. Lappin*, 436 F. Supp. 2d 17, 21 (D.D.C. 2006) (collecting cases); *United States Dep't of Navy*, 732 F. Supp. 240, 241 (D.D.C. 1990) (same). Plaintiff has not sued a federal agency

in this matter. *See id.* Furthermore, FOIA jurisdiction extends to claims arising from an agency's improper withholding of records requested in accordance with agency rules. *See* 5 U.S.C. §§ 552(a)(3)(A), (4)(B)(1); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980)). Plaintiff does not allege that any agency has improperly withheld records responsive to a properly submitted FOIA request. *See Marcusse v. U.S. Dep't of Justice Office of Info. Policy*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013) (An "agency's disclosure obligations are triggered by its receipt of a request that 'reasonably describes [the requested] records' and 'is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed.'") (quoting 5 U.S.C. § 552(a)(3)(A)). The instant complaint neither references a FOIA request number nor contains any other information, *e.g,* a copy of any actual request(s) submitted. Indeed, it is unclear what specific documents plaintiff seeks, if any.

Plaintiff also cites to her "right of assembly," which the court construes to mean her rights under the First Amendment, but the complaint is devoid of any facts to establish such a claim. "Events may not have unfolded as [p]laintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional violation, *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).

Finally, plaintiff has also failed to establish diversity jurisdiction because both she and the defendant reside in Maryland. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) ("For jurisdiction to exist

under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.").

For all of these reasons, this court cannot exercise subject matter jurisdiction over this matter and plaintiff has also failed to state a claim. *See* Fed. Rs. Civ. P. 12(h)(3), 8(a); 28 U.S.C. § 1915(e)(2)(B)(ii). As such, the complaint is dismissed without prejudice. An order consistent with this memorandum opinion is issued separately.

Date: April 17, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge