**A. F. FERGUSON, Plaintiff,**

v.

**Clarence KELLY, Federal Bureau of Investigation, Edward Levi and Department of Justice, Defendants.**

**No. 76 C 3898.**

United States District Court,
N. D. Illinois, E. D.

July 28, 1978.

**325**

Arthur W. Friedman, of Devoe, Shadur & Krupp, Chicago, Ill., for plaintiff.

Antonio J. Curiel, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

Plaintiff in this action filed October 21, 1976, sought the disclosure of documents by defendants pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* Plaintiff made a general request in May 1975 for information pertaining to him in the possession of the Federal Bureau of Investigation ("FBI"). In September 1975, the agency released some documents and withheld others on the basis they were exempt from disclosure. Plaintiff pursued his administrative remedies and then sued in this court, seeking disclosure of the remaining material. In an opinion dated September 29, 1977, we granted defendants partial summary judgment and required *in camera* inspection of other documents before ruling on the propriety of defendants' withholding. After the *in camera* inspection, we granted partial summary judgment for both plaintiff and defendants on April 10, 1978. Both parties have moved for reconsideration.

Plaintiff does not disagree with our ruling of April 10. Rather, he claims that through certain disclosed documents he became aware that there were other documents referring to him in the agency's possession. Through a report of the Controller General of the United States dated December 26, 1977, plaintiff claims he learned that the FBI maintains other information systems, and that not all information is retrievable through the only system that the FBI searched. Thus, plaintiff requests that we vacate our judgment for the limited purpose of directing the FBI to re-examine all appropriate indices and record-keeping systems, namely electronic surveillance indices ("ELSUR") maintained by FBI headquarters and most field offices, and systems

maintained by four appropriate field offices, New York, Chicago, San Francisco and Minneapolis. Defendants respond that this information is more properly the subject of a new request and that compliance would be burdensome.

■ That response to a FOIA request may be time-consuming or burdensome is not a valid defense. *Wellford v. Hardin,* 315 F.Supp. 175 (D.Md.1970), *aff'd,* 444 F.2d 21 (4th Cir. 1971). Allowing such a defense would undercut the Act's broad policy of disclosure. Charges for expenses incurred are allowable. 28 C.F.R. § 16.9 (1977). However, 5 U.S.C. § 552(a)(3) does specify that the request for records should "(A) reasonably describe such records. . . ." Such description is an aid to identification of the records to be searched. Since plaintiff's original request did not indicate which field offices might have information regarding him, we conclude that he had not reasonably described those records he wanted searched. Without this focus, defendants had no duty to plaintiff to search all field offices. Plaintiff certainly cannot broaden his request at this point in the litigation.

■ Plaintiff, however, maintains that he only recently became aware of the existence of field office or the ELSUR information systems. In view of these extenuating circumstances, and in the interest of justice, he argues, the FBI should now be required to expand its search. We note that the Justice Department had published in the Federal Register on August 27, 1975, and every year thereafter a description of its record-keeping systems. 40 Fed.Reg. 38,766 (1975). A number of systems were listed for the FBI, including the Central Record system and the ELSUR indices. Moreover, the description of the Central system indicates that the field offices have records that

are not kept in the Central system. Plaintiff could have learned of these other record-keeping systems prior to the filing of his complaint in October 1976. The affidavit of Alan Hoyt filed in support of defendants' motion for summary judgment on April 29, 1977, states that only the Central Records System was searched following plaintiff's request for disclosure. Thus, plaintiff should have known more than a year ago that not all the FBI record systems had been searched. Leave to file an amended complaint seeking to compel defendants to perform a more complete search should have been requested. Plaintiff has delayed too long. We will not vacate our judgment to force the agency to search other files.

■ Defendants request that we reconsider our decision to order disclosure of information which defendants had claimed was exempt under 5 U.S.C. § 552(b)(7)(C), (D), (E).[1] Defendants contend that references to "security flashes" ought to be deleted because it is the type of investigative technique meant to be protected by (b)(7)(E). We reiterate that our *in camera* review of the documents concerned and the *in camera* "(b)(7)(E)" affidavit does not convince us that "security flashes" or the tagging of fingerprints falls within the protection of (b)(7)(E). Since the use of "flashes" is generally well known or suspected, it is not so unique as to warrant the exemption.

■ Defendants object under exemption (b)(7)(D) to our disclosure of information submitted by "confidential sources" that are corporations, credit bureaus or other organizations. Although defendants did not assert this exemption for any police departments (Second Hoyt Affidavit, par. 6B), it was asserted for names of credit bureaus. Defendants have presented no

---

1. 5 U.S.C. § 552(b). This section does not apply to matters that are—

    (7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would

    . . .

    (C) constitute an unwarranted invasion of person privacy, (D) disclose the identity of a

confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source, (E) disclose investigative techniques and procedures.

new arguments why the term "source" should encompass corporate entities. We reiterate that a corporate source simply is not as concerned as an individual with the disclosure of its identity and does not have the same expectation of privacy. We conclude that the possibility of losing such sources of information because of disclosure is slight. Thus, the policy of insuring an uninterrupted flow of information to the government is not significantly hampered, and the FOIA policy of disclosure is furthered by our limiting the meaning of "confidential source" to individuals.

Defendants further argue that the names of FBI agents and local police should be withheld under the (b)(7)(C) exemption. In our April 1978 opinion, we concluded the exemption was unavailable unless defendants showed that disclosure of an agent's identity would endanger his safety. Recent cases have led us to re-examine our position. We conclude the proper analysis under this exemption is to balance the public interest in the disclosure of such information against the privacy invasion involved. *Nix v. United States,* 572 F.2d 998 (4th Cir. 1978); *Flower v. Federal Bureau of Investigation,* 448 F.Supp. 567 (W.D.Tex.1978); *Tarnopol v. Federal Bureau of Investigation,* 442 F.Supp. 5 (D.D.C.1977). We have difficulty identifying any public interest that is served by the disclosure of the names of particular agents and officers involved in this investigation. On the other hand, we conclude that while the privacy interest in public servants is perhaps limited, the defendants have shown that public identification could conceivably subject them to harassment and annoyance in the conduct of their official duties and in their private lives. Thus, we agree with the court in *Nix* that: "One who serves his state or nation as a career public servant is not thereby stripped of every vestige of personal privacy, even with respect to the discharge of his official duties." 572 F.2d at 1006. Since the officers' privacy interest outweighs the public interest in disclosure, we will not compel the disclosure of the names of local police officers or FBI agents involved in the investigation of plaintiff.

In summary, plaintiff's motion to reconsider is denied. Defendants' motion to reconsider is denied in part and granted in part. Defendants need not disclose the names of local police officers and FBI agents pursuant to our attached order.