David S. SANDS, et al.,
Plaintiffs–Appellants,

v.

Frank MURPHY, etc., et al.,
Defendants–Appellees.

No. 80–1210.

United States Court of Appeals,
First Circuit.

Argued Sept. 9, 1980.

Decided Nov. 6, 1980.

Stanley M. Brown, Manchester, N. H., with whom Brown & Nixon Professional Ass'n, Manchester, N. H., Thomas R. Watson, Tybursky & Watson, Portsmouth, N. H., David J. Killkelley, and Nighswander, Lord, Martin & Killkelley, Laconia, N. H., were on brief, for plaintiffs–appellants.

Richard W. Perkins, Atty., Tax Division, Dept. of Justice, Washington, D. C., with

whom William H. Shaheen, U. S. Atty., Concord, N. H., Michael L. Paup and Murray S. Horwitz, Attys., Tax Division, Dept. of Justice, Washington, D. C., were on brief, for defendants–appellees.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, and WYZANSKI, Senior District Judge.*

WYZANSKI, Senior District Judge.

Relying on the Freedom of Information Act, as amended, (FOIA), 5 U.S.C. § 552 1970 ed. and Supp. V, plaintiffs filed in the district court a complaint seeking an order directing the Internal Revenue Service (IRS) and its New Hampshire District Director to disclose the names of and information supplied by persons that had contacted the IRS about the plaintiffs' income. The district court by summary judgment denied the application on the grounds that the information sought was exempt from disclosure under exemptions 7(C) and 7(D) of FOIA, 5 U.S.C. § 552(b), (7)(C) and (D). Plaintiffs appeal.[1] We affirm on the basis of exemption 7(D).

Count I of the amended complaint alleged as follows: On April 20 and May 8, 1978 the plaintiff Sands wrote letters to the IRS requesting disclosure of the names of all persons who have contacted the IRS about his tax returns and of the information the IRS has provided or will provide to such persons. Sands wishes this information in order to procure in the New Hampshire Supreme Court a reversal of his conviction by the New Hampshire Superior Court of the crime of perjury. On May 17, 1978 IRS District Director Murphy denied the request for the information on the ground that it would identify a confidential source and would therefore be exempt from disclosure under 5 U.S.C. § 552(b)(7)(D). Sands appealed to the Commissioner of Internal Revenue who, acting through a deputy, on September 5, 1978 denied the appeal also on the basis of 5 U.S.C. § 552(b)(7)(D).

Count II of the amended complaint presents a claim by plaintiff Tsoumas parallel to Sands's claim except that Tsoumas does not allege that he has ever made to the IRS a request, by letter or otherwise, for the information he seeks.

The IRS answered the complaint and then supplied some of the information sought but retained four documents[2] which it submitted to the district court for an *in camera* inspection pursuant to 5 U.S.C. § 552(a)(4)(B). Then the defendants moved for, and the district court granted, summary judgment on the basis that those four documents and the names sought by the complaint fell within exemptions 7(C) and 7(D).

Exemption 7 of FOIA protects from disclosure "investigatory records compiled for law enforcement purposes but only to the extent that the production of such records would. . . . (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation . . . confidential information furnished only by the confidential source."

Apparently mindful of what we decided in *Irons v. Bell*, 596 F.2d 468, 475 (1st Cir.

---

*From the District of Massachusetts, sitting by designation.

1. The district court entered on February 26, 1980 an order granting defendants' motion for summary judgment, on March 7, 1980 an "order and opinion" to the same effect, and on March 12, 1980 a judgment for defendants. The plaintiffs took appeals from the February 26 and March 7 orders granting motions for summary judgment. It would have been technically more appropriate for the plaintiffs to have appealed from the March 12, 1980 judgment. 28 U.S.C. § 1291; FRAP 4(a)(1). However, under FRAP 4(a)(2) "a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof." See 9 Moore's Federal Practice par. 204.03 at p. 4.21. We therefore treat the plaintiffs as having appealed from the March 12, 1980 summary judgment.

2. (1) Internal Revenue Service document listing confidential informant; (2) letter from confidential informant to law enforcement agency; (3) internal memorandum of law enforcement agency; (4) letter to Internal Revenue Service from law enforcement agency.

1979), the plaintiffs do not dispute that the records here sought are, within the meaning of exemption 7(D), "investigatory records compiled for enforcement purposes." But the plaintiffs contend that the exemption does not apply to the case at bar because (1) the "confidential source" communicated not directly with the IRS but instead with a law enforcement agency which in turn supplied the information to the IRS for its investigatory records, (2) no assurance of confidentiality was given to the source at the time he initially contacted the law enforcement agency, and (3) the public's interest and the plaintiffs' interest in disclosure overbalance any considerations favoring confidentiality. We shall answer those contentions *seriatim.*

1. Plaintiffs' first contention is that where A imparts in confidence to B, a law enforcement agency, information which B transmits for law enforcement purposes to C, a federal law enforcement agency, A is not, within the meaning of the first clause of 7(D), a "confidential source" of C, and thus C when sued by P under the FOIA is not exempt from disclosing to P A's name or records which would reveal A's identity. The claim is that absent an agreement between A and C, A is a confidential source of only B.

That argument does not persuade us.

The text of FOIA protects without qualification every "confidential source" and does not draw a distinction between a direct and an indirect "confidential source." The legislative history emphasizes that this absence of qualification and breadth of coverage were purposeful, inasmuch as Senator Hart, the draftsman of 7(D), stated that it "protects without exception and without limitation the identity of informers. It protects both the identity of informers and information which may reasonably be found to lead to such disclosure." 120 Cong.Rec. 17034, quoted at greater length in *Irons v. Bell,* 596 F.2d 468, 475 (1st Cir. 1979).

Plainly the policy underlying 7(D) would be partially thwarted were any distinction to be made between direct and indirect informers. That policy is to enlarge the flow of information to the final federal enforcement agency by protecting informers against risks of reprisal or loss of privacy.[3] That policy is as applicable to indirect as to direct informers. Moreover, when a person gives information to any law enforcement agency (including state, national, and foreign law enforcement agencies) under an express or implied agreement by the agency with which the informer is in direct contact that his name will be held confidential, it is implied that his name will be held confidential by any law enforcement agency to which the contacted agency transmits the material. Such implied promises of protection are so universal that any law enforcement agency which receives information transmitted by another law enforcement agency takes it under the implied promise that it will protect the names of informers which the transmitting agency received in confidence. Thus one who is a confidential source of the transmitting agency becomes by virtue of implied promises of both the transmitting agency and the receiving agency a confidential source of the receiving agency.

Our review of the plain text, the legislative history, and the policy of exemption 7(D), leads us to conclude that it covers that portion of the investigatory record of the IRS which would disclose the identity of an informer who had no direct contact with the IRS but only a contact with another law enforcement agency. Were we to exclude from the term "confidential source" an "indirect confidential source," we would not be giving the exemption the sort of narrow construction referred to in *Department of the Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976), but we would be stultifying the obvious purpose of the exemption and failing to give effect

---

**3.** The rationale for the protection of informers has been stated in *Wellman Industries, Inc. v. NLRB,* 490 F.2d 427, 431 (4th Cir.), *cert. den.* 419 U.S. 834, 95 S.Ct. 61, 42 L.Ed.2d 61 (1974)

and *Frankel v. SEC,* 460 F.2d 813, 817 (2nd Cir.), *cert. den.* 409 U.S. 889, 93 S.Ct. 125, 34 L.Ed.2d 146 (1972).

to its plain text. *Consumers Union of the U. S., Inc. v. Heimann,* 589 F.2d 531 (C.A.D. C.1978).

2. Plaintiffs' next contention is that in the case at bar the district court has not found that the state law enforcement agency gave the informer any assurance of confidentiality.

■ The district court's opinion states that the affidavits submitted *in camera* "confirm that information was imparted by the source to the law enforcement agency on the basis of a clearly implied, if not an express, assurance of confidentiality." We construe this as a finding that the informers had an advance understanding that their identity would be kept confidential. Our examination of the *in camera* papers shows that this finding was strongly supported by substantial evidence.

■ 3. There remains the plaintiffs' argument that the court must balance the defendants' and the informant's interests in non–disclosure of the informant's identity against what the plaintiffs believe to be the public interests and the plaintiffs' interests in disclosure of the informant's identity. Unlike the text of exemption 7(C),[4] the text of exemption 7(D) does not contemplate any judicial balancing. The legislative history shows that the policy of the 7(D) exemption is to preclude absolutely the disclosure of the informer's identity, and not to make it dependent on a judicial balancing.[5]

Our conclusion is that a judicial balancing test is not appropriate in applying exemption 7(D). See *Lesar v. United States Department of Justice,* (D.C.C.A. 1980), 636 F.2d 472; *Church of Scientology v. U. S. Dept. of Justice,* 612 F.2d 417, 420–425 (9th Cir. 1979); *Terkel v. United States,* 599 F.2d 214 (7th Cir. 1979). But see *Nix v. United States,* 572 F.2d 998, 1002 (4th Cir. 1978).

■ 4. The plaintiffs, assuming *arguendo* that the documents contained references to a confidential source exempt from disclosure under 7(D), contend that the district court nevertheless erred in not releasing segregable parts of those documents after deletions of exempted portions, pursuant to 5 U.S.C. § 552(b). The district court after an *in camera* examination of the documents withheld concluded that no portion of those documents could be released without disclosing the informant's identity. Our re–examination of the documents *in camera* persuades us that the district court's conclusion not only is supported by substantial evidence but is one which we would reach *de novo.*

We, therefore, affirm the district court on the basis that the documents sought by plaintiffs are exempt from disclosure because they fall within exemption 7(D). Hence, we have no occasion to consider whether exemption 7(C) is also applicable. Nor need we consider whether this complaint was properly brought against the individual defendant Murphy as well as against the IRS, nor whether Count 2 should have been dismissed because plaintiff Tsoumas did not exhaust his administrative remedies.

*Affirmed.*

---

4. 5 U.S.C. § 552(b)(7)(C) protects "investigatory records compiled for law enforcement purposes, but only to the extent that the protection of such records would .... (C) constitute an *unwarranted* invasion of personal privacy (Emphasis added). The word "unwarranted" invites judicial balancing. *Department of the Air Force v. Rose, supra,* 425 U.S. p. 378, n. 16, 96 S.Ct. p. 1607.

5. See the statement of the draftsman, Senator Hart, that "all the FBI has to do is to state that the information was furnished by a confidential source and it is exempt." 120 Cong.Rec. 36871.