**NEW ENGLAND APPLE COUNCIL, INC., et al.**

v.

**Raymond J. DONOVAN, Secretary of Labor.**

Civ. A. No. 80–2925–Z.

United States District Court, D. Massachusetts.

Feb. 1, 1983.

232

Charles, Karalekas, Bacas & McCahill, Washington, D.C., for plaintiffs.

Sofia P. Petters, Counsel for Administrative Legal Services, U.S. Dept. of Labor, Washington, D.C., William Weld, U.S. Atty., Boston, Mass., for defendant.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

In 1979, the Department of Labor ("the Department") began investigating whether plaintiffs and others had violated a departmental regulation preventing employers from making job offers to foreign workers more lucrative than those extended for similar work to domestic workers. 20 C.F.R. 655.202. In connection with this investigation, grand jury subpoenas were issued to plaintiff New England Apple Council ("the Council") and to several of its members;

and some of plaintiffs' employees, many of whom are seasonal workers from the West Indies, were interviewed by the Department. After several months of investigation, the United States Attorney declined to prosecute.

On February 15, 1980, plaintiffs filed a request under the Freedom of Information Act ("FOIA") 5 U.S.C. § 552, for all records in the Department's possession relating to the recent investigation. This request was denied by the Department both initially and on administrative appeal. On December 31, 1980, plaintiffs filed this action pursuant to 5 U.S.C. § 552(a)(4)(B) to compel the Department to release the documents sought. Although the Department subsequently furnished plaintiffs with some of the requested documents, portions of these documents were deleted, and several documents are still being withheld in their entirety.[1] Claiming that its withholding and deletions are justified by several of the FOIA's provisions exempting material from disclosure, the Department has moved for summary judgment. Plaintiffs have also moved for summary judgment and, to the extent that defendant's Vaughn affidavit is not sufficiently detailed, for an *in camera* inspection with plaintiffs' counsel present. *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973).

■ With respect to most of the documents withheld, summary judgment is appropriate. Defendant's Vaughn affidavit, filed in response to an order of the Court, describes with particularity all the documents or portions thereof which are at issue and states why they are being withheld. Plaintiffs have not filed any affidavits which challenge the veracity of defendant's affidavit; rather, they assert that the Court should inspect the documents *in camera* to determine whether the relevant FOIA exemptions actually apply. Although an *in camera* inspection may be appropriate in

some cases, it is not automatic, and "[a]n agency should be given the opportunity, by means of detailed affidavits or oral testimony, to establish to the satisfaction of the District Court that the documents sought [are exempt from disclosure]." *Environmental Protection Agency v. Mink,* 410 U.S. 73, 93, 93 S.Ct. 827, 839, 35 L.Ed.2d 119 (1973); *Founding Church of Scientology v. National Security Agency,* 610 F.2d 824, 830 (D.C.1979). Because the affidavit is sufficient to allow me to determine whether the documents should be released, an *in camera* inspection is unnecessary, except with respect to the documents noted below.

■ Defendant contends that thirteen of the documents withheld are protected from disclosure in whole or in part by the "deliberative process" exemption of the FOIA.[2] 5 U.S.C. § 552(b)(5) provides that the Act's disclosure requirements do not apply to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." The purpose of this exemption is to prevent the FOIA from impairing the quality of agency decision-making by inhibiting "the full and frank exchange of ideas on legal and policy matters." *Mead Data Central, Inc. v. United States Department of the Air Force,* 566 F.2d 242, 256 (D.C.Cir.1977). Accordingly, in determining whether the exemption applies in a given case, a court should ask "whether the document is so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication within the agency." *Coastal States Gas Corporation v. Department of Energy,* 617 F.2d 854, 866 (D.C.Cir. 1980).

■ Since the intended function of the exemption is to protect governmental deliberation, courts must in all cases distinguish

---

1. Defendant is withholding three documents in their entirety and portions of twenty-two other documents.

2. The documents are identified in the Vaughn affidavit at paragraphs 13a, b, e, f, g, h, k, m, n, q, r, s, and v. Documents 13a, b and v are withheld in their entirety pursuant to exemption (b)(5). An exemption under 5 U.S.C. § 552(b)(3) also is claimed for the document identified in paragraph 13a, but since this document is exempt under (b)(5) consideration of that issue unnecessary.

between and treat differently "materials reflecting deliberative or policy-making processes on the one hand, and purely factual, investigative matters on the other." *Environmental Protective Agency v. Mink,* 410 U.S. at 89, 93 S.Ct. at 837. Disclosure of "purely factual material appearing in [internal memoranda] in a form that is severable without compromising the private remainder of the documents" is not prohibited by 5 U.S.C. § 552(b)(5). *Id.*

 Defendant's Vaughn affidavit shows that most of the materials withheld on the basis of the deliberative process exemption do indeed fall within the exemption's scope. Some contain the advice of departmental counsel; many recommend courses of investigatory action. Five of the documents, however, are investigative reports, the numbers of which are set out in margin.[3] Although defendant has characterized the contents of these documents as "opinions" and "conclusions," these words alone cannot serve to draw an investigatory document within the scope of the deliberative process exemption. *Moore-McCormack Lines, Inv. v. I.T.O. Corporation of Baltimore,* 508 F.2d 945 (4th Cir.1974). An agency should not be allowed to circumvent the holding by the Supreme Court in *Mink* that the FOIA requires the disclosure of factual and investigatory materials simply by terming these materials "opinions" or "conclusions." Where an "opinion" plays the role of factual material in the decisionmaking process, its disclosure is not likely to impede departmental creativity or deliberation. "It is only where commentary or policy analysis is ... involved ..., that Congressional concern for a full and frank exchange of views within the agency comes into play." *Ditlow v. Volpe,* 362 F.Supp. 1321, 1327 (D.D.C.1973), *reversed in part on other grounds, sub nom. Ditlow v. Brinegar,* 494 F.2d 1073 (D.C.Cir.1978); *Bristol-Myers Company v. Federal Trade Commission,* 424 F.2d 935 (D.C.Cir.1970), *cert. denied,* 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52 (1970). Since the Vaughn affidavit does not clearly reveal to what extent documents identified at paragraphs 13h, m, n, r and s contain deliberative material and facts found by investigators, defendant is ordered to produce them for an *in camera* inspection.

5 U.S.C. § 552(b)(7)(C), cited by the defendant as the basis for withholding portions of nineteen documents, provides as follows:

(b) This section does not apply to matters that are—

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (C) constitute an unwarranted invasion of personal privacy.

Defendant's (b)(7)(C) deletions can be divided into two categories: (1) deletions of names of informants, persons interviewed and persons mentioned in interviews, their

---

**3.** The five documents are identified by the Vaughn affidavit at paragraphs 13h, m, n, r and s. The following descriptions of the relevant deleted material, condensed by defendant from the Vaughn affidavit, are typical.

 paragraph 13(h)
 ... opinions formulated by the investigator regarding whether the growers were complying with Federal regulations related to employment of temporary foreign workers and conclusions reached by the investigator in the course of his investigation which essentially form the basis for the foregoing opinions (i.e., the investigator's theories regarding possible measures employed by growers or their representatives to arrange for transporting foreign workers to the United States for the apple harvest).
 paragraph 13(h) (attachment)

opinions of the investigator regarding: (a) possible violations of law and the nature of such violations; (b) whether and to what extent there may have been undocumented workers in the apple region; (c) whether Federal regulations regarding the employment of temporary foreign workers had been violated, the extent to which the regulations may have been violated, and how such violations may have occurred; (d) the results achieved under a contract entered into between the apple growers and the Commonwealth of Puerto Rico; (e) the appropriateness, under the circumstances, of growers seeking a court order directing the Secretary to certify the unavailability of domestic workers; (f) the payment of foreign workers' transportation expenses; and (g) whether and how travel funds may have been advanced to foreign workers.

names, addresses and other personal information; and (2) deletions of the names of law enforcement personnel.

■ With regard to the first set of deletions, some, such as those of individuals' political affiliations, social security, telephone, visa and worker identification numbers, physical measurements, date of arrival, birthdates, and ages, are warranted since disclosure of such information might prove embarrassing to the persons involved. Most of the deletions in this category, however, are unjustified because they rest on too broad an interpretation of the exemption.

■ Defendant suggests that "[w]here persons provide information to law enforcement agencies during the course of an investigation, the privacy interest protected by Exemption 7(C) extends not only to personal details which the individual may have furnished but also to the person's interest in being free from the harassment and opprobrium which may flow from public knowledge that he or she provided information about another to a government law enforcement agency." *See* Vaughn affidavit at 15. This interpretation would allow the government to conceal the names of *anyone* who provided information and would render superfluous the confidential source exemption, 5 U.S.C. § 552(b)(7)(D), which serves as a basis for some of defendant's other deletions. Exemption (b)(7)(C) was designed to protect individuals against the disclosure of only that information which is embarrassing or injurious to their reputations; it does not provide a complete shield for all persons questioned by the government. *Joseph Horne Co. v. N.L.R.B.,* 455 F.Supp. 1383 (W.D.Pa.1978); *Title Guarantee Co. v. N.L.R.B.,* 407 F.Supp. 498 (S.D.N. Y.1975), *reversed on other grounds,* 534 F.2d 484 (2d Cir.1976).

■ Defendant also interprets Exemption (b)(7)(C) to provide an absolute bar to court ordered disclosure of the names of criminal law enforcement personnel. This interpretation is also overly broad, and does not comport with the Supreme Court's determination that the FOIA's exemption provisions are to be narrowly construed. *Department of the Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). One's status as an investigative employee or as a participant in a particular investigation is not a "private fact" of the sort which Exemption (b)(7)(C) was designed to protect. *Ferguson v. Kelley,* 448 F.Supp. 919, 923 (N.D.Ill.1977); *Canadian Javelin Ltd. v. Securities and Exchange Commission,* 501 F.Supp. 898 (D.D.C.1980); *but see Nix v. United States,* 572 F.2d 998 (4th Cir.1978); *Malizia v. United States Department of Justice,* 519 F.Supp. 338 (S.D. N.Y.1981); *Abrams v. Federal Bureau of Investigation,* 511 F.Supp. 758 (N.D.Ill. 1981). To the extent that their release would endanger "the life or physical safety of law enforcement personnel," names are exempt from disclosure under (b)(7)(F), and agents who are undercover are protected by the confidential source exemption of (b)(7)(D). Neither of these exemptions is raised here by defendant as a justification for withholding information. Accordingly, defendant is ordered to release to plaintiffs all names deleted on the basis of (b)(7)(C), with the condition that if he believes that disclosure of any name will constitute an unwarranted invasion of privacy *for a particular reason* implicating matters such as legitimacy, medical condition, receipt of governmental assistance, or other personal details which an individual generally does not reveal to the public at large, he may submit the relevant documents for an *in camera* inspection.

Defendant has justified several deletions of names and identifying characteristics on the basis of 5 U.S.C. § 552(b)(7)(D), which provides:

> (b) This section does not apply to matters that are—
>
> > (7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, ...

confidential information furnished only by the confidential source.

■■■■ Defendant states that in all cases where Exemption (b)(7)(D) is raised, the persons providing the information were either given express assurances of confidentiality or were interviewed "under circumstances wherein confidentiality could reasonably be inferred." Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment at 27. An inference of confidentiality may be a proper ground for invocation of the exemption, depending upon the circumstances in which the statement was made. Conference Report No. 93–1200, 1974 U.S. Code Cong. and Admin.News 6291. The Vaughn affidavit indicates that almost all of the names withheld pursuant to (b)(7)(D) were those of employees of the persons and organizations investigated. In these circumstances confidentiality certainly can be inferred, since an employer has many ways of influencing or punishing an employee who cooperates in an investigation. *See N.L.R.B. v. Robbins Tire and Rubber Company,* 437 U.S. 214, 239–241, 98 S.Ct. 2311, 2325–2326, 57 L.Ed.2d 159 (1978). Here, there is an additional factor supporting an inference of confidentiality because some employees who talked to the government were from the West Indies and faced the prospect of finding themselves without work in a foreign land for the rest of the harvest season.

■■ Two of the documents from which (b)(7)(D) deletions were made, those identified in paragraphs 6 and 13(w) of the Vaughn affidavit, originally contained the names of sources who were not employees of the persons or companies investigated. No information is given concerning the identity of these persons; the Vaughn affidavit states only that "while the statements were not obtained from workers, the individuals nevertheless could be subjected to

retaliation by nature of their having provided information to the government." *See* Vaughn affidavit at 23. This unsupported assertion in the affidavit fails to meet the burden, imposed by the FOIA upon the department, of proving the applicability of a claimed exemption from disclosure 5 U.S.C. § 552(a)(4)(B). Accordingly, the defendant is ordered to submit these two documents for an *in camera* inspection and for a determination whether express assurances of confidentiality were made and, if not made, whether confidentiality may be implied.

## CONCLUSION

Defendant is ordered to produce the documents identified in paragraphs 6, 13h, m, n, r, s, v and w of the Vaughn affidavit for *in camera* inspection. Defendant is ordered to disclose to plaintiffs all names deleted on the grounds of 5 U.S.C. § 552(b)(7)(C) unless defendant produces the documents from which these deletions were made for an *in camera* inspection.[4] With respect to all other documents withheld or partially deleted, the motion of defendant for summary judgment is allowed.

---

4. Plaintiffs' counsel will not be permitted to participate in any *in camera* inspection. The documents are not so voluminous as to preclude their review by the Court and there is no other reason warranting such an unusual procedure which would amount to partial disclosure of a document for the purpose of determining whether it should be disclosed at all. See *In re United States,* 565 F.2d 19, 23 (2d Cir.1977), cert. denied sub nom. *Bell v. Socialist Workers Party,* 436 U.S. 962, 98 S.Ct. 3082, 57 L.Ed.2d 1129 (1978).