NEW ENGLAND APPLE COUNCIL, et al., Plaintiffs, Appellees,

v.

Raymond J. DONOVAN, Secretary of Labor, Defendant, Appellant.

No. 83–1400.

United States Court of Appeals, First Circuit.

Argued Nov. 7, 1983.

Decided Jan. 18, 1984.

Nicholas S. Zeppos, Atty., Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., with whom J. Paul McGrath, Asst. Atty. Gen., William F. Weld, U.S. Atty., Boston, Mass., Leonard Schaitman, Atty., Appellate Staff, Civ. Div., Dept. of Justice, Sofia P. Petters and Richard T. Galgay, Attys., U.S. Dept. of Labor, Washington, D.C., were on brief, for defendant, appellant.

S. Steven Karalekas, Washington, D.C., with whom John B. Beaty, and Charles, Karalekas, McCahill & Wilson, Washington, D.C., were on brief, for plaintiffs, appellees.

Before COFFIN, Circuit Judge, SWYGERT,* Senior Circuit Judge, and BREYER, Circuit Judge.

* Of the Seventh Circuit, sitting by designation.

COFFIN, Circuit Judge.

This case requires us to construe the scope of the personal privacy exemption of the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(C). Plaintiffs-appellees, the New England Apple Council (NEAC) and its member growers, seek release of the names of individuals variously involved in an investigation of NEAC conducted in 1979 by the Office of the Inspector General (OIG) of the Department of Labor. NEAC is an organization of east coast apple growers. The grand jury investigation conducted by OIG personnel focused on the activities of the NEAC in its hiring of foreign workers. After several months of investigation, the United States Attorney declined prosecution.

NEAC subsequently filed a FOIA request for all records possessed by the Labor Department concerning the grand jury investigation of NEAC and its member growers. The Labor Department released some documents, but withheld all or portions of others. NEAC then filed suit under FOIA in federal district court to gain access to the withheld information. As part of the court proceedings, the Labor Department filed a *Vaughn* index affidavit specifying the documents available, those withheld, and the reasons for withholding. *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

For the purposes of this appeal, the withheld material falls into two groups: (1) the names of OIG non-supervisory law enforcement personnel who participated in the grand jury investigation of NEAC; and (2) the name of one individual who provided information to law enforcement personnel during the investigation. The Labor Department claims that the names of its investigators merit the protection of FOIA exemption 7(C), 5 U.S.C. § 552(b)(7)(C), and that the name of the individual who supplied information to the investigators falls within FOIA exemptions 7(C) and 7(D), 5 U.S.C. § 552(b)(7)(C) & (D).[1]

■ After the parties submitted cross-motions for summary judgment with supporting materials, the district court ordered the release of all information at stake in this appeal. *See New England Apple Council, Inc. v. Donovan,* 560 F.Supp. 231 (D.Mass.1983). The court ruled that exemption 7(C) provided no basis for withholding the names of OIC law enforcement personnel involved in the investigation. The court also rejected the Labor Department's claim that the identity of the individual who supplied information to law enforcement officials was protected from disclosure under exemptions 7(C) or 7(D).[2]

## I. FOIA

■ This court begins from the familiar premise that FOIA exemptions are to be narrowly construed, *Department of the Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976), to effectuate FOIA's basic policy in favor of disclosure of government-held information. *FBI v. Abramson,* 456 U.S. 615, 630–31, 102 S.Ct. 2054, 2063–64 (1982). To preserve certain necessary functions of government and to protect individuals who would be damaged by disclosure, FOIA contains nine explicit

1. The relevant portions of the statute provide for exemption from disclosure of "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (C) constitute an unwarranted invasion of personal privacy, [or] (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, ... confidential information furnished only by the confidential source".

2. Appellees incorrectly state that this court may reverse the district court only if its conclusions are "clearly erroneous". In summary judgment there can be no review of factual issues, because Rule 56(c) bars the district court from resolving any disputed factual issues at the summary judgment stage. Assuming the absence of genuine issues of material fact, the issue on appeal from a grant of summary judgment concerns whether the movant was entitled to judgment as a matter of law. 10 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure Civil 2d* § 2716, at 643 (1983).

exemptions from the general rule of disclosure. 5 U.S.C. § 552(b)(1)–(9). These exemptions represent "the congressional determination of the types of information that the Executive Branch must have the option to keep confidential, if it so chooses". *EPA v. Mink,* 410 U.S. 73, 80, 93 S.Ct. 827, 832, 35 L.Ed.2d 119 (1973); *see also Baldrige v. Shapiro,* 455 U.S. 345, 352, 102 S.Ct. 1103, 1108, 71 L.Ed.2d 199 (1982).

## II. Disclosure of Identities of Law Enforcement Personnel

As stated above, the district court rejected the Labor Department's contention that the names of the non-supervisory law enforcement personnel who participated in the grand jury investigation of the NEAC should fall within exemption 7(C), which protects from disclosure "investigatory records compiled for law enforcement purposes ... to the extent that the production of such records would ... constitute an unwarranted invasion of personal privacy". The court rejected what it perceived to be the government's attempt to read exemption 7(C) as providing "an absolute bar to court ordered disclosure of the names of criminal law enforcement personnel". 560 F.Supp. at 235. The court held that exemption 7(C) protected government officials only from disclosure of "private facts" such as "legitimacy, medical condition, receipt of governmental assistance, or other personal

details which an individual generally does not reveal to the public at large". *Id.*

■ This interpretation of exemption 7(C) runs against the grain of substantial precedent from other circuits. *See Ingle v. Department of Justice,* 698 F.2d 259, 269 (6th Cir.1983); *Miller v. Bell,* 661 F.2d 623, 629–30 (7th Cir.1981), *cert. denied,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 484 (1982); *Lesar v. United States Department of Justice,* 636 F.2d 472, 487 (D.C.Cir.1980); *Nix v. United States,* 572 F.2d 998, 1005–06 (4th Cir.1978). We agree with the following description, subscribed to by the Seventh and Fourth Circuits, of the privacy interests retained by government officials:

> "One who serves his state or nation as a career public servant is not thereby stripped of every vestige of personal privacy, even with respect to the discharge of his official duties. Public identification of any of these individuals could conceivably subject them to harassment and annoyance in the conduct of their official duties and in their private lives."

*Miller v. Bell,* 661 F.2d at 630 (quoting *Nix v. United States,* 572 F.2d at 1006). Contrary to the position taken by the district court and NEAC, the protection of exemption 7(C) is not limited to cases involving "private facts" or an *actual* showing of harassment or other harm to government officials. *See Miller v. Bell,* 661 F.2d at 629–30; *Lesar,* 636 F.2d at 487.[3]

---

**3.** The district court cited two district court decisions that provide scant support for its constricted interpretation of exemption 7(C). The court first cited *Ferguson v. Kelley,* 448 F.Supp. 919, 923 (N.D.Ill.1977), in which the district court had ordered the release of the names of FBI agents and local police officers involved in a criminal investigation. On reconsideration, the district court reversed its earlier ruling and ordered the names withheld following a 7(C) balancing analysis. *Ferguson v. Kelly,* 455 F.Supp. 324, 327 (N.D.Ill.1978).

The court below also relied on *Canadian Javelin, Ltd. v. SEC,* 501 F.Supp. 898 (D.D.C. 1980), in which the court ordered the release of the identities of SEC investigators. *Canadian Javelin* does not, however, share the view put forward by the court below that law enforcement officials suffer no privacy invasion upon release of their names. The *Canadian Javelin*

court balanced privacy interests against the public interest in disclosure and concluded, on the facts of that case, that disclosure was warranted. *Id.* at 904. Further, *Canadian Javelin* also involved a civil, not a criminal, investigation. Although exemption 7(C) applies to both civil and criminal investigations, the privacy concerns of law enforcement officials are usually more significant following a criminal investigation. Finally, to the extent that *Canadian Javelin* might be read to support the interpretation of exemption 7(C) propounded by the court below, *Canadian Javelin* strays from precedent handed down in its circuit. *See Baez v. United States Department of Justice,* 647 F.2d 1328, 1339 (D.C.Cir.1980); *Lesar,* 636 F.2d at 487. *But see Iglesias v. CIA,* 525 F.Supp. 547, 563 (D.D.C.1981) (relying solely on *Canadian Javelin* in finding no 7(C) privacy protection for investigatory officials).

NEAC contends that the circuit court decisions listed above protected the identities of agents of the Federal Bureau of Investigation (FBI) and that those cases cannot be extended to protect the identities of Labor Department OIG officials. NEAC would have this court distinguish typical FBI activities—including dangerous and sensitive tasks such as arrests, searches, and undercover work—from the typical activities of the OIG officials. NEAC would then have this court conclude that OIG officials have a lesser need than FBI agents to have their names withheld.

■ The functions of OIG investigators are not so different from the functions of FBI agents as to warrant divergent treatment under FOIA exemption 7(C). Both types of officials investigate federal crimes, serve in undercover capacities, perform surveillance, and conduct investigatory interviews. In the course of a criminal investigation, OIG officials may be deputized to make arrests or execute search warrants. *See* 28 C.F.R. § 0.112 (1983). These officials must often investigate violent and other crimes in the course of combatting organized crime and labor racketeering, *see* 18 U.S.C. § 1951 (Hobbs Act) (interference with commerce by threats or violence); 18 U.S.C. § 664 (embezzlement of employee benefit plan funds), and the kind of farm-labor problems investigated in this case.

Even though OIG investigations into white collar criminal activity (of the sort investigated in this case to no avail) might not invite the type of animosity and motivation for reprisal activated by FBI searches and arrests pursuant to violent crimes, the individual officer's interest in retaining the capability to perform his tasks effectively by avoiding untoward annoyance or harassment is no less significant. The potential for this annoyance or harassment need not rise to the level of physical endangerment before the protection of 7(C) may be invoked. *See Miller v. Bell,* 661 F.2d at 630;

*Nix v. United States,* 572 F.2d at 1006 & n. 8.[4] OIG officials who regularly investigate either businesses or unions could be neutralized if the industry trade association or labor union could obtain the names of investigators whenever those investigators probed the practices of their targets.

■ The district court's overly narrow interpretation of the OIG officials' privacy interest is compounded by the court's failure to balance the individuals' interest in having the government withhold their names and the public interest in disclosure. Exemption 7(C) permits the government to withhold law enforcement investigatory records only if disclosure would "constitute an *unwarranted* invasion of personal privacy". (Emphasis added). The modifier "unwarranted" requires courts to balance the competing interests at stake. *See, e.g., Diamond v. FBI,* 707 F.2d 75, 77 (2d Cir.1983) (balancing test mandated under exemption 7(C)), *petition for cert. filed,* 52 U.S.L.W. 3141 (U.S. Aug. 11, 1983); *Fund for Constitutional Government v. National Archives & Records Service,* 656 F.2d 856, 862 (D.C. Cir.1981) (exemption 7(C) requires balancing privacy interest against public interest in disclosure); *Sands v. Murphy,* 633 F.2d 968, 971 n. 4 (1st Cir.1980) (exemption 7(C) invites balancing); *Providence Journal Co. v. FBI,* 602 F.2d 1010, 1013 (1st Cir.1979) (exemption 7(C) requires balancing), *cert. denied,* 444 U.S. 1071, 100 S.Ct. 1015, 62 L.Ed.2d 752 (1980).

■ As discussed above, the OIG investigators do not lose all of their privacy concerns simply by serving as public officials. But this privacy interest is not the sort of intimate detail or extremely compromising fact that would create a substantial barrier to disclosure. The nature of the information sought here hardly presents plaintiffs with a heavy burden. Yet they have failed to present any meaningful evidence of how

---

**4.** Another FOIA exemption, 7(F), justifies withholding of law enforcement investigatory records if disclosure would "endanger the life or physical safety of law enforcement personnel". 5 U.S.C. § 552(b)(7)(F). Exemption 7(C) protects law enforcement officials from disclosures that would be potentially harmful to the officials' privacy interests in situations that would not warrant the invocation of exemption 7(F).

disclosure of this information would serve the public interest.

In the circumstances of this case, the public does not care whether an OIG law enforcement official involved in the grand jury investigation of NEAC is named John Doe or Jane Roe. NEAC has not alleged any wrongdoing by these OIG investigators, *see Miller v. Bell,* 661 F.2d at 630; *cf. Columbia Packing Co. v. United States Department of Agriculture,* 563 F.2d 495, 499 (1st Cir.1977) (disclosure of USDA employees' personnel files warranted by employees' involvement in criminal activity), and the public interest in knowing the nature and extent of the investigation of NEAC has been satisfied by the disclosure of most of the information, including most of the names, sought by NEAC. *Cf. Kurzon v. Department of Health & Human Services,* 649 F.2d 65, 68 (1st Cir.1981) (public interest served by disclosure of information concerning government grant process). That NEAC might some day bring suit against these OIG investigators does not transform NEAC's request into one that serves the public interest. "[I]t is settled that the disclosure provisions of FOIA are not a substitute for discovery and a party's asserted need for documents in connection with litigation will not affect, one way or the other, a determination of whether disclosure is warranted under FOIA". *Columbia Packing Co.,* 563 F.2d at 499 (citations omitted); *see Nix v. United States,* 572 F.2d at 1003 (FOIA not designed to supplement rules of civil discovery).

■ The balance between the OIG officials' privacy interest and the public interest in disclosure tips in favor of nondisclosure. Given that the district court characterized the government's position as one that sought an "absolute bar" to FOIA disclosure of the names of criminal law enforcement personnel, we should emphasize the limited nature of our holding. We would not accept any argument that NEAC or any other interested citizens have no business inquiring into the procedures and product of a federal criminal investigation. The public has a significant, enduring interest in remaining informed about actions taken by public officials in the course of

their duties. But Congress has specifically limited access to government-held information where disclosure would "constitute an unwarranted invasion of personal privacy". Exemption 7(C) requires a court to mediate between the public interest in disclosure and the individual's privacy interest in nondisclosure; plaintiffs' mere curiosity does not suffice to overcome the privacy interest asserted by the law enforcement officials in this case.

### III. Identity of an Individual Who Provided Information to Labor Department Law Enforcement Officials

The district court held that neither exemption 7(C) nor 7(D) justified withholding the name of an individual who provided information to Labor Department OIG law enforcement officials during the grand jury investigation of NEAC. In rejecting the government's 7(C) claim as to this individual, the district court stated that exemption 7(C) "was designed to protect individuals against the disclosure of only that information which is embarrassing or injurious to their reputation; it does not provide a complete shield for all persons questioned by the government". The court also noted that the government's position "would allow the government to conceal the names of *anyone* who provided information and would render superfluous the confidential source exemption, [section 7(D) ]". 560 F.Supp. at 235 (emphasis in original).

This restricted reading of the scope of exemption 7(C) finds no support in prior cases from this circuit. In *Providence Journal Co. v. FBI, supra,* we upheld a district court that had employed exemption 7(C) to withhold, *inter alia,* the names of FBI informants. 602 F.2d at 1012. We found no need to probe into the probable effects of disclosure on the informants' reputations. Rather, we ordered withholding of all the information at stake in the appeal, because the information was the fruit of illegal wiretapping, and Congress had already tipped the 7(C) balance against disclosure of information obtained by such means. *See id.* at 1013; Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (Title III), 18 U.S.C. §§ 2510–2520. Thus, while

we did not focus on typical 7(C) privacy concerns—the substance of the material or the effect that disclosure of the informants' identities might have on their private or professional lives or their willingness to cooperate with government investigators in the future—we held against disclosure without making the specific findings that the district court below would require in cases concerning informants' identities.[5]

Moreover, substantial authority from other circuits indicates that the district court in this case erred in placing such a heavy burden on the government.[6]  *See e.g., White v. IRS,* 707 F.2d 897, 901–02 (6th Cir.1983) (withholding names under 7(C) of persons who indicated willingness to provide information relevant to investigation of White); *Lesar,* 636 F.2d at 488 (withholding informants' names under 7(C) to minimize public exposure or possible harassment); *Scherer v. Kelley,* 584 F.2d 170, 176 (7th Cir.1978) (quoting *Maroscia v. Levi,* 569 F.2d 1000, 1002 (7th Cir.1977)) (withholding under 7(C) and 7(D) names of interviewees), *cert. denied,* 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778 (1979); *Nix,* 572 F.2d at 1006 (withholding under 7(C) name of physician who reported to FBI on prisoner's medical condition and treatment); *Diamond v. FBI,* 532 F.Supp. 216, 225 (S.D.N.Y.1981) (noting that courts have withheld interviewees' names under 7(C) to insure that individuals may freely talk with FBI officials without fear of subsequent disclosure and possible reprisal), *aff'd,* 707 F.2d 75 (2d Cir.1983), *petition for cert. filed,* 52 U.S.L.W. 3141 (U.S. Aug. 11, 1983).

Contrary to the district court's reading, we do not interpret the government's position to be an assertion of absolute authority to withhold the name of any interviewee in any law enforcement investigation. Rather, the government has argued only that the privacy interests of *this* source outweigh the asserted public interest in disclosure. The government in fact released the names of some other individuals who provided information to OIG investigators during the NEAC investigation.

The balancing required by exemption 7(C) tips against disclosure of this source's identity.  Having read both the *Vaughn* affidavit and the *in camera* affidavit filed in district court by the Labor Department in support of its claim to withhold the source's identity under exemption 7(D) because of an assurance of confidentiality, we hold that this individual has a strong privacy interest in nondisclosure of identity under 7(C).  Disclosure could have a significant, adverse effect on this individual's private or professional life.  On the public interest side of the balance, NEAC can again present nothing beyond mere curiosity.

We do not share the district court's fear that invocation of exemption 7(C) to withhold the identity of this informant will render superfluous the 7(D) exemption for confidential informants.  Exemption 7(D) provides greater protection to a narrower class of persons than does 7(C).  To invoke 7(D), the government must show that the informant provided information to government officials under an express or implied assurance of confidentiality.  If the government can make this showing, it need not then demonstrate, as it must under 7(C), that privacy interests outweigh the public interest in disclosure.  *See Sands v. Murphy,* 633 F.2d at 971 & n. 4.  Thus, 7(D) shields from disclosure some identities that 7(C) does not, and vice versa.

IV.  Conclusion

We hold that the district court erred in ordering both the disclosure of the identities of the Labor Department non-supervisory law enforcement officials involved in the grand jury investigation of NEAC and the disclosure of the identity of an individual who provided information to the Labor

---

5. In *Sands v. Murphy,* 633 F.2d at 970–71, we reserved decision of whether 7(C) protected the identities of informants, but noted in discussion of exemption 7(D) that "loss of privacy" could result if an individuals' cooperation with law enforcement officials were disclosed.

6. Because we reverse under 7(C), we need not decide whether the district court correctly rejected the government's argument that the confidential source exemption, 7(D), justifies withholding this individual's identity.

Department officials in the course of the investigation.

*Reversed.  Costs to appellant.*